IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**STATE AUTO PROPERTY &
CASUALTY INSURANCE COMPANY,**

**Plaintiff,**

v.

**NEIL A. BARRALL and JOHN D.
CAVALETTO, Individually and as
Special Administrator of the
Estate of MICHELE CAVALETTO,
Deceased,**

**Defendants.**                                                        No. 10-53-DRH

## ORDER

**HERNDON, Chief Judge:**

This matter is before the Court for case management. On April 9, 2010, the Court deferred ruling on Plaintiff's motion for default judgment (Doc. 11) and Ordered Plaintiff to supplement its motion with the proper notices pursuant to LOCAL RULE 55.1(a) &(b) (Doc. 19). On April 19, 2010, Plaintiff filed its Supplement (Doc. 26) stating that it had mailed notices in accordance with the Local Rules to Defendant Barrall at his last known address but did not mail any notices to Barrall's attorney as his attorney in this matter was not known. However, Plaintiff's supplement was deficient in its specificity. While Plaintiff did state that it provided the required notice by submitting a copy of its motions and the Clerk's Entry of Default to Defendant Barrall, Plaintiff's notice failed to state where Barrall's "last known address" was located. Plaintiff failed to indicate whether the "last known

address" was Barrall's residence or a county jail.[1]

Further, while Plaintiff stated that it did not provide notice to Barrall's attorney because it was not apparent that Barrall was represented in this case, Plaintiff fails to grasp the requirement of the rule. **LOCAL RULE 55.1(b)** requires that "[i]f the moving party knows, or reasonably should know, the identity of an attorney thought to represent the defaulted party, the motion shall also state that a copy has been mailed to that attorney." The rule does *not* provide that Plaintiff must provide notice to an attorney *only* if that attorney represents the party in this cause of action. Rather, the Rule provides that notice should be provided to the attorney when the moving party has reason to believe that the defaulted party is represented by an attorney. Here, Defendant Barrall is presumably represented by an attorney for his criminal matter and thus Plaintiff should have provided notice of the default, as stated in **LOCAL RULE 55.1(a) & (b)**, to any attorney who represents Barrall, and that includes the attorney who represents him in his criminal matter, in case he is in a position to advise him in this matter as well. Plaintiff need only examine 7th Circuit jurisprudence to understand that some investigation is required and reliance on speculation is not acceptable.

Therefore, the Court **ORDERS** Plaintiff to submit a second supplement to its motion for default judgment informing the Court of the "last known address" to which Plaintiff mailed its notices. The Court further **ORDERS** Plaintiff to provide

---

[1] Plaintiff earlier reported to the Court that Barrall was in jail awaiting trial on murder charges in state court.

notice of its motions and entry of default, as required, to the lawyer who is representing Barrall in his criminal proceedings.  Plaintiff's second supplement should address whether such a notice was provided to Barrall's attorney, the date on which the notice was provided, and the location of Barrall's attorney.  Plaintiff will have up to and including **June 24, 2010** in which to file the supplement.  Should Plaintiff fail to provide the proper documentation, Plaintiff's motion for default judgment will be denied.  The Court further **DEFERS** ruling on Plaintiff's motion until such time as it submits the required supplement.

**IT IS SO ORDERED.**

Signed this 10th day of June, 2010.

/s/  David R Herndon
**Chief Judge**
**United States District Court**