IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**STATE AUTO PROPERTY &
CASUALTY INSURANCE COMPANY,**

**Plaintiff,**

v.

**NEIL A. BARRALL and JOHN D.
CAVALETTO, Individually and as
Special Administrator of the Estate
of MICHELE CAVALETTO, Deceased,**

**Defendants.**                                              No. 10-53-DRH

**DEFAULT ORDER
AND JUDGMENT**

**HERNDON, Chief Judge:**

This matter comes before the Court upon Plaintiff State Auto Property & Casualty Insurance Company's ("Plaintiff) motion for default judgment pursuant to Rule 55(b) against Defendant Neil A. Barrall (Doc. 11). Plaintiff alleges that Defendant Barrall was insured on two policies issued by State Auto including a policy for Personal Automobile Liability Insurance and policy for Homeowners Liability Insurance (Doc. 2 ¶¶6-7). On October 20, 2007 Barrall allegedly murdered Michele Cavaletto and currently is awaiting trial on a three-count murder class felony indictment (*Id*. at ¶8). John D. Cavaletto, acting as administrator of Michele Cavaletto's estate, filed a wrongful death action in Marion County, Illinois for

damages against Barrall for the death of Michele Cavaletto (*Id*. at 9, 10).

Defendant John D. Cavaletto alleges in his suit in Marion County, Illinois that the decedent Michele Cavaletto was a pedestrian when she was hit by a vehicle driven by Barrall.  Cavalletto's two count complaint alleges that Barrall acted negligent by, among other things, driving at a speed greater than reasonable, driving a vehicle without adequate brakes, failing to use his horn to warn a pedestrian, and failing to stop or swerve to avoid hitting a pedestrian, which ultimately lead to Michele Cavaletto's death (Doc. 2 Ex. D).  Count II alleges that Barrall intentionally drove his car into Michele Cavaletto causing severe injuries that resulted in her death.

Plaintiff alleges in its Complaint that it has no duty to defend Barrall against the allegations in state court because Barrall never asked Plaintiff to represent him in the proceedings and failed to respond to Plaintiff's inquiries as to whether Barrall wanted Plaintiff's services in representing him against Cavaletto's Complaint.  Plaintiff maintains that it inquired of Barrall in a letter dated December 1, 2009 as to whether Barrall wanted Plaintiff's involvement but that Barrall has never responded to the letter.  Plaintiff maintains that because Barrall has not responded, it is relieved of its duty to defend.  ***See Cincinnati Cos. v. West American Ins. Co.*, 183 Ill.2d 317, 326, 701 N.E.2d 499, 504  (Ill. 1998) (an insurer is relieved of its duty to defend when it contacts the insurer and the insurer either indicates that he does not want the insurer's assistance or if the**

**insurance fails to respond)**. Plaintiff seeks a declaratory judgment stating that Plaintiff has "no duty or obligation to defend Neil A. Barrall in connection with the action filed under Cause No. 09 L 59 in the Circuit Court of the 4th Judicial Circuit, Marion County, Illinois." (Doc. 12).

Plaintiff now moves for default judgment against Defendant Barrall seeking the declaratory relief asked for in its Complaint. The docket reflects that Defendant Barrall is in default; an entry of default was issued by the Clerk on March 2, 2010 (Doc. 10). Further, Plaintiff has filed a supplement to its motion stating that it has complied with **LOCAL RULE 55.1** by providing notice of the entry of default and motion for default judgment to Defendant Barrall (Doc. 26).[1]

A party is authorized to seek a default judgment pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 55.** Under this Rule, the Court may enter a judgment by default when the non-moving party has "failed to plead or otherwise defend" itself. **FED. R. CIV. P. 55(a)**. The decision to grant or deny default judgment lies within the district court's discretion and is only reviewed for abuse of discretion. ***Homer v. Jones Bey*, 415 F.3d 749, 753 (7th Cir. 2005)**. "As a general rule, a 'default judgment establishe[s], as a matter of law, that defendants [are] liable to plaintiff as

---

[1] Plaintiff initially filed a supplement to its motion in response to the Court's Order to file statements in compliance with Local Rule 55.1 (Doc. 26). That supplement only stated that notices had been mailed to Barrall at his last known address, but did not indicate the location of that address. The notice also indicated that the identity of Barrall's attorney was unknown to the Plaintiff. The Court subsequently Ordered Plaintiff to again supplement its motion to address the location of the notices and also ordered Plaintiff to provide the required notices to Barrall's criminal attorney (Doc. 27). Plaintiff again supplemented its motion stating that the notices had been mailed to his last known address at the Marion County Jail (Doc. 30). Plaintiff also indicated that it had provided the proper notices to each of Barrall's listed attorneys.

to each cause of action alleged in the complaint,'" as long as plaintiff's allegations are well-pleaded. ***Dundee Cement Co. v. Howard Pipe Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (citing *Breuer Electric Mgf. Co. v. Toronado Systems of America, Inc.*, 687 F.2d 182, 186 (7th Cir. 1982))**. Plaintiff must then establish a right to the requested relief sought. ***In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004).**

A party obtaining a default judgment in its favor is not entitled to an award "exceed[ing] [the] amount" prayed for in the demand for judgment. **FED.R.CIV.P. 54(c)**. Allegations within the Complaint regarding damages are not deemed true upon rendering of a default judgment. ***In re Catt*, 368 F.3d at 793 (citations omitted); *Dundee Cement Co.*, 722 F.2d at 1323 (citations omitted).** Instead, the district court must determine with reasonable certainty the proper amount to award as damages to the prevailing party. *Id.* Such determination can be made either based upon an evidentiary hearing or from "definite figures contained in the documentary evidence or in detailed affidavits." ***Dundee Cement Co.*, 722 F.2d at 1323 (citations omitted);** *see also In re Catt***, 368 F.3d at 793.**

Plaintiff states that it properly served Barrall but that Barrall has failed to file an answer nor has anyone appeared on behalf of Barrall (Doc. 12). Plaintiff sought an entry of default against Barrall on February 26, 2010 (Doc. 9) and the Clerk entered default on March 2, 2010 (Doc. 10). Plaintiff subsequently filed the instant motion for default judgment which Barrall has failed to oppose in any

manner. The only relief Plaintiff seeks in default is declaratory. Therefore, **IT IS ORDERED AND ADJUDGED** that Plaintiff's motion for entry of default judgment (Doc. 11) is **GRANTED** and Judgment is entered in favor of Plaintiff, **State Auto Property & Casualty Insurance Company** and against Defendant, **Neil A. Barrall**.

The Court also notes that Plaintiff filed a motion for summary judgment against Defendant John D. Cavaletto, Individually and as Special Administrator of the Estate of Michele Cavaletto (Doc. 13). In its motion, Plaintiff makes the same argument it did in its motion for default judgment against Barrall, that it was only required to inquire as to Barrall's intentions as to whether Barrall wanted Plaintiff to represent him in the suit filed by John Cavaletto, and if Barrall indicated that he did not want Plaintiff's assistance or he failed to respond, then Plaintiff had no duty to defend Barrall. ***See Cincinnati Cos.*, 282 Ill.App.3d at 326-29 701 N.E.2d at 504.** Defendant Cavaletto does not dispute Plaintiff's legal reasoning but instead insists that there are issues of fact in this case that prohibit summary judgment. Defendant Cavaletto argues that there is an issue of fact as to why the insured did not respond or if he even received the letter. Cavaletto reasons that Barrall might not have responded because of his right to remain silent as he is facing murder charges. Cavaletto also states that Plaintiff has not provided any support to show that Barrall actually received Plaintiff's letter.

Here, however, the record indicates that Barrall has not sought Plaintiff's assistance in defending Cavaletto's suit nor has he responded in any way

to Plaintiff's inquiries. Defendant Barrall has also failed to respond to Plaintiff's Complaint and utterly failed to respond to the motion for default judgment. Further, Defendant Cavaletto, as Plaintiff states in its Complaint, is only a nominal but interested party in this case as Defendant Barrall was the actual insured person under the policy. Defendant Barrall has been found in default as he has failed to argue against Plaintiff's argument that it has no duty to defend Barrall. The record indicates that Plaintiff has inquired into whether Barrall wants their assistance and Barrall has failed to respond. Further, Plaintiff has provided both Barrall and his attorney with notice of his default in this case and still Barrall has failed to respond in any manner. Therefore, there appears to be no issues of material fact in this case and Plaintiff is entitled to summary judgment as a matter of law as it has no duty to defendant Barrall after Barrall's failure to seek Plaintiff's representation even after Plaintiff contacted Barrall. Accordingly, the Court **GRANTS** Plaintiff's motion for summary judgment (Doc. 13) as to Defendant Cavaletto.

Accordingly, Judgment is also entered in favor of Plaintiff **State Auto Property & Casualty Insurance Company** and against Defendant **John D. Cavaletto**, **Individually and as Special Administrator of the Estate of Michele Cavaletto, Deceased**.

Accordingly, Judgment is entered in favor of Plaintiff **State Auto Property & Casualty Insurance Company** and against Defendants **Neil A. Barrall and John D. Cavaletto, Individually and as Special Administrator of the Estate**

**of Michele Cavaletto, Deceased**.  The Court **DECLARES** that: State Auto Property & Casualty Insurance Company has no duty or obligation to defend Neil A. Barrall in connection with the action filed under Case No. 09 L 59 in the Circuit Court of the 4th Judicial Circuit, Marion County, Illinois.

**IT IS SO ORDERED.**

Signed this 6th day of July, 2010.

/s/  David R Herndon

**Chief Judge
United States District Court**